# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
|     Plaintiff, | Case No. 2:14-CR-00290-KJD-PAL |
| v. | **ORDER** |
| ANOUSONE SAVANH, | |
|     Defendant. | |

    Presently before the Court is Defendant's Emergency Motion for Status Conference (#94). Court held a hearing and heard argument on April 5, 2016. Defendant asserts that the Court is continuing the trial on its own motion, thereby prejudicing him, because he alleges counsel and witnesses are unavailable the second week of the trial stack.

    Previously, the Court had set this matter for trial on January 4, 2016 for selection and empaneling of the jury and for presentation of evidence to commence on January 11, 2016. However, Defendant asserted that his expert witnesses were not available that week. Accordingly, the parties signed a stipulation (#82) setting trial for the stack beginning on April 18, 2016. The Court then Ordered (#83) a continuance of the January 4, 2016 trial date, setting calendar call for April 12, 2016 for the April 18th trial stack. A subsequent order (#91) of the Court made it clear on March 30, 2016 that multiple cases were set on the April 18th trial stack and the Court would schedule them over a

two week period. It is often the practice of attorneys appearing before the Court to contact the courtroom administrator to inquire on which day of the trial stack they can expect their case to proceed. When the Court learned that counsel in this action had not done so, the courtroom administrator was instructed to contact counsel for both parties to inform them the case would proceed on the second week of the stack. Counsel for Defendant then filed the present motion asserting that he could not be ready for trial on that date.

However, at hearing, it was discovered that one expert witness was scheduled for trial in another state to begin on April 21, 2016 with no indication that the expert would be unavailable when time came to testify in this action beginning April 25, 2016. Further the Court is accustomed to adjusting trial schedules to ensure that witnesses are able to testify when available. A second expert witness is asserted to be unavailable due to potential doctor's appointments with no indication that appointments had actually been scheduled, and that the trial schedule or appointments could not be adjusted to allow the witness to testify when available.

Finally, Defendant asserts that co-counsel is unavailable due to a pre-planned vacation during the week of trial. However, the first time that the Court had been notified that co-counsel even existed was in Defendant's Motion (#94) filed on April 4, 2016. Even at the time this order was being written, Defendant had still failed to file any formal notice of appearance in this action for co-counsel. Though Defendant argues that co-counsel is essential, co-counsel has not appeared in any fashion previously in this action, including several motions to continue, status checks regarding the trial date, or briefing on Defendant's pre-trial motions.

Defendant has failed to make a showing that he will be unable to be prepared for trial beginning on the second week of the trial stack, April 25, 2016. Though Defendant attempts to characterize this as an attempt by the Court to change the trial date, the Court has not changed the trial date, but set it within the two week trial stack, as counsel knows is the practice of the Court. Therefore, to the extent that Defendant is making a motion to continue or change the date trial will be conducted, it is denied. Defendant has failed to show that his witnesses are actually unavailable. No

miscarriage of justice will occur if the trial date is not changed. Defendant has three weeks to ensure the attendance of his expert witnesses to testify during a week long trial. Adjustments to the trial schedule, not the commencement of trial, can be made as necessary to accommodate witnesses.

**IT IS SO ORDERED.**

DATED this 5th day of April 2016.

_____
Kent J. Dawson
United States District Judge