# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 2:14-CR-00290-KJD-PAL |
| v. | **ORDER** |
| ANOUSONE SAVANH, | |
| Defendant. | |

Before the Court for consideration is the Amended Report of Findings and Recommendation (#97) of Magistrate Judge Peggy A. Leen entered April 5, 2016, recommending that Defendant's Motion to Suppress Statements (#84) be denied. Objections (#98) to the Magistrate Judge's Report and Recommendation were filed by Defendant Anousone Savanh pursuant to Local Rule IB 3-2 of the Local Rules of Practice of the United States District Court of the District of Nevada. The Government filed a response (#103) to Defendant's objections.

The Court has conducted a *de novo* review of the record in this case in accordance with 28 U.S.C. § 636(b)(1) and LR IB 3-2. The Court determines that the Amended Report of Findings and Recommendation (#97) of the United States Magistrate Judge entered April 5, 2016, should be **ADOPTED** and **AFFIRMED**.

The Court **ADOPTS** and **AFFIRMS** the Magistrate Judge's recommendation that the motion be denied based on untimeliness. The Court does not accept the explanation that counsel had only recently become aware of the "characteristics of the accused" that allegedly rendered his confession coercive under the totality of the circumstances.

Furthermore, considering "the totality of the circumstances" including "both the characteristics of the accused and the details of the interrogation[,]" it is clear that Defendant's confession was voluntary. U.S. v. Preston, 751 F.3d 1008, 1016 (9th Cir. 2014). Despite Defendant's protestations, the evidence, considering the actual recording of his interrogation, in addition to his unique personal characteristics, does not show that his "will was overborne". Id. The Court has weighed the factors that would pressure Defendant to confess such as the number of armed officers present during the search and his limited contact with his family in addition to his personal and family background versus the other circumstances of the interrogation.[1]

In context, the references to Defendant's family members, particularly his oldest son, as possible targets of the investigation were not enough to coerce him into confession. In fact, the officer questioning Defendant made it clear that they were interested only in determining who actually possessed the pornography by downloading it and not in "a fall guy." The questioning was not particularly leading and did not suggest particular answers.[2] Though Defendant was not in custody during either interrogation, even if he had been, he was adequately informed of his Miranda rights and knowingly and intelligently waived those rights. Mentioning the "thousands of images" discovered on Defendant's desktop computer in its garbage or trash folder was not enough of a

---

[1] Though Defendant criticizes officers for separating him from his family, the record does show that Defendant was alone at the time the warrant was executed. Furthermore, they allowed him to retain his phone through out the interview and speak to both his wife and a son, even though the warrant allowed the phone to be seized.

[2] The only exception being towards the end of all questioning when he was asked, irrelevant to the charges faced here, which age range of picture he preferred.

changed circumstance to require a new or fresh recitation and waiver of his rights.[3] See, e.g., U.S. v. Boche-Perez, 755 F.3d 327, 343 (5th Cir. 2014).

IT IS THEREFORE ORDERED that the Magistrate Judge's Report of Findings and Recommendation (#97) entered April 5, 2016, is **ADOPTED and AFFIRMED**, and Defendant's Motion to Suppress Statements (#84) is **DENIED**.

DATED this 10th day of May 2016.

Kent J. Dawson
United States District Judge

---

[3] Though Defendant asserts that the interrogating officer lied to him and said that thousands of child porn images were found on his computer, when in fact there were only 250, the record shows that the officer merely said that they had found "thousands of images" in his desktop computer's trash or deleted folder.

3