1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

9

10  UNITED STATES OF AMERICA,

11          Plaintiff,                                     Case No. 2:14-CR-00290-KJD-PAL

12  v.                                                     **ORDER**

13  ANOUSONE SAVANH,

14          Defendant.

15

16          Presently before the Court is Plaintiff's Motion to Exclude or Limit the Testimony of

17  Defendant's Expert Witnesses (#122/124). Defendant filed a response in opposition (#128) and a

18  response (#132) to the Court's order requesting an expert report.

19  I. Standard

20          Federal Rule of Evidence 702 controls the admissibility of testimony by expert witnesses, and

21  provides:

22          A witness who is qualified as an expert by knowledge, skill, experience, training, or
            education may testify in the form of an opinion or otherwise if:

23

24          (a) the expert's scientific, technical, or other specialized knowledge will help the trier
            of fact to understand the evidence or to determine a fact in issue;

25          (b) the testimony is based on sufficient facts or data;

26          (c) the testimony is the product of reliable principles and methods; and

1    (d) the expert has reliably applied the principles and methods to the facts of the case.

2    Fed.R.Evid. 702. Under this rule, a trial judge acts as a "gatekeeper" to insure that expert testimony

3    "is not only relevant, but reliable." Daubert v. Merrel Dow Pharmaceuticals, Inc., 509 U.S. 579, 589

4    (1993). A trial judge executes this "gatekeeper" role whether expert testimony is scientific or

5    non-scientific, with the purpose of ensuring that "an expert, whether basing testimony upon

6    professional studies or personal experience, employs in the courtroom the same level of intellectual

7    rigor that characterizes the practice of an expert in the relevant field." Kumho Tire Co., Ltd. v.

8    Carmichael, 526 U.S. 137, 152 (1999).

9    The Supreme Court in Daubert enumerated a list of factors useful for evaluating the reliability

10    of a scientific expert, and trial courts have broad discretion to determine whether these factors are

11    "reasonable measures of reliability" for evaluating non-scientific testimony. Kuhmo Tire, 526 at 153.

12    In exercising this broad discretion, "not only must the trial court be given broad discretion to decide

13    whether to admit expert testimony, it must have the same kind of latitude in deciding how to test an

14    expert's reliability." United States v. Hankey, 203 F.3d 1160, 1168 (9th Cir. 2000). When an expert's

15    testimony is not scientific or technical, the reliability of that testimony need not be based on "a

16    particular methodology or technical framework," but instead can be found reliable based on the

17    expert's knowledge and experience alone. Hangarter v. Provident Life and Acc. Ins. Co., 373 F.3d

18    998, 1018 (9th Cir.2004).

19    In addition to evaluating an expert's reliability, a trial court must also determine whether an

20    expert has "appropriate qualifications—i.e., some special knowledge, skill, experience, training or

21    education." Hankey, 203 F.3d at 1168. "Rule 702 contemplates a broad conception of expert

22    qualifications." Hangarter, 373 F.3d at 1015.

23    II. Donald Cinco

24    The Court is convinced that based on Donald Cinco's *curriculum vitae* and expert report that

25    Defendant has met his burden in establishing that Cinco is qualified under Rule 702 to offer the

26    opinions disclosed in Defendant's Notice of Expert Testimony (#59). Deficiencies alleged by the

Government in their motion to exclude go to the weight of the evidence as considered by the finder of fact, the jury. The normal rules of evidence apply, requiring an appropriate foundation to be lain for the introduction of evidence and opinions by the expert. Therefore, objections raised by the Government such as relevance, speculation and hearsay are best considered after seeing the foundation or lack of foundation created during direct examination of the witness.  The motion to exclude Donald Cinco is denied.

III. Larry Smith

Smith's testimony is limited to his own examination of the computer at issue, particularly to what pornography he did or did not find on it. Like all other witnesses, he will not be permitted to offer testimony such as: inadmissible hearsay, irrelevant evidence, bolstering the testimony of other witnesses, or opinions for which no foundation has been made. The motion to exclude Larry Smith is denied.

IV. Tami Loehrs

Defendant has failed to meet his burden in proving that the proposed expert witness testimony is admissible pursuant to Rule 702 and the Daubert standards. See Daubert, 43 F.3d at 1311, 1316. Plaintiff moved to exclude Loehrs' testimony as cumulative and inappropriately bolstering Cinco's expert report. Unable to determine whether the proposed testimony would assist the trier of fact in understanding the evidence and determining a fact in issue, the Court ordered Defendant to provide a report that complied with Daubert's requirements as previously cited. In response, Defendant asserted that no report had been prepared, or could be prepared.  Defendant's filings in this action describing Loehrs' testimony repeatedly assert that her testimony would confirm the conclusions of the other defense experts. Additionally, Defendant asserts that the testimony "would build upon [the conclusions of the other defense experts.]" However, Defendant has failed to

demonstrate how the evidence would be anything but cumulative.[1] Therefore, since the Court cannot conclude that the proposed testimony meets the reliability standards required by <u>Daubert</u>, and finds that the proposed testimony is cumulative in accordance with Rule 403, the motion to exclude Tami Loehrs is granted.

<u>V. Conclusion</u>

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Exclude or Limit the Testimony of Defendant's Expert Witnesses (#122/124) is **GRANTED in part and DENIED in part**.

DATED this 20th day of May 2016.


_____
Kent J. Dawson
United States District Judge

---

[1] Further, the case cited by Defendant, <u>Moore v. Ashland Chem. Inc.</u>, 126 F.3d 679, 690 (5th Cir. 1997), was vacated when rehearing *en banc* was granted, and the *en banc* opinion no longer contains the propositions cited by Defendant. <u>See</u> <u>Moore v. Ashland Chem. Inc.</u>, 151 F.3d 269 (5th Cir. 1998).

4