1

2

3

4

5

6

7          **UNITED STATES DISTRICT COURT**

8          **DISTRICT OF NEVADA**

9

10   UNITED STATES OF AMERICA,

11          Plaintiff,                                    Case No. 2:14-CR-00290-KJD-PAL

12   v.                                                        **ORDER**

13   ANOUSONE SAVANH,

14          Defendant.

15

16          Presently before the Court is Defendant's Motion for Judgment of Acquittal (#166). The

17   Government filed a response in opposition (#168).  Defendant's motion is timely pursuant to Federal

18   Rule of Criminal Procedure ("Rule") 45 (c) which adds three days after service. Amendments

19   effective December 1, 2016 eliminate these additional days when service is made electronically, as in

20   this case.

21          Defendant was convicted on May 26, 2016 of Receipt of Child Pornography and Possession

22   of Child Pornography. Defendant then filed the present motion pursuant to Rule 29 (c) asserting that

23   no reasonable trier of fact could find beyond a reasonable doubt that he received or possessed child

24   pornography.

25          Pursuant to Rule 29 (c), the Court must determine whether ". . . viewing the evidence in the

26   light most favorable to the government, a rational trier of fact could have found the defendant guilty

1  beyond a reasonable doubt." United States v. Ching Tang Lo, 447 F.3d 1212, 1221 (9th Cir. 2006).

2  Also, when reviewing the sufficiency of the evidence to support the conviction, ". . . the salient

3  question is 'whether, after viewing the evidence in a light most favorable to the prosecution, any

4  rational trier of fact could have found the essential elements of the crime beyond a reasonable

5  doubt.'" Jones v. Wood, 207 F.3d 557, 563 (9th Cir. 2000)(quoting Jackson v. Virginia, 443 U.S.

6  307, 319 (1979)).

7      There is no doubt, after hearing the presentation of evidence from both parties and viewing

8  the evidence in the light most favorable to the government that a rational trier of fact could have

9  found the essential elements of the crime beyond a reasonable doubt. In fact, the evidence against

10  Defendant was overwhelming, especially considering that Defendant testified in his own behalf, and

11  that "[c]redibility of witnesses and the weight accorded the evidence . . . are questions for the jury

12  that are not reviewable." U.S. v. Burns, 701 F.2d 840, 842 (9th Cir. 1983).[1]

13      The following evidence presented during trial, viewed in the light most favorable to the

14  prosecution, is enough for a rational trier of fact to have found the elements of the crime beyond a

15  reasonable doubt:

16      1.   Digital video and photographs of minors engaged in sexually explicit conduct

17          that had been downloaded via the internet to Defendant's computer;

18      2.   Evidence of Defendant's use of that computer;

19      3.   Defendant's statement to the officer investigating the downloaded

20          pornography in which he admits to most of the elements of the crimes of

21          which he was convicted, if not all;

22      4.   Defendant's trial testimony;

23

24

25
_____

26  [1]Defendant's own estimation of the believability of his testimony is not sufficient to sustain a
motion under Rule 29 (c).

2

5.     The officer's testimony and expert testimony regarding the use of the computer and the internet using peer-to-peer software to download child pornography to the computer in question;

6.     Evidence of specific internet searches queries designed to look for child pornography and used on the computer in question; and

7.     Evidence that the pornography was downloaded by a local user, rather than a third party controlling the computer from a different location.

Additionally, the Court notes that this summary is just a portion of the evidence presented, but enough to sustain the jury's finding under Rule 29 (c). In total, the evidence was overwhelming, even without considering Defendant's credibility.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Judgment of Acquittal (#166) is **DENIED**.

DATED this __2nd__ day of September 2016.

Kent J. Dawson
United States District Judge

3